108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Silvestre Leon INZUNZA, Defendant-Appellant.
 No. 96-10222.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Silvestre L. Inzunza, an Arizona state prisoner, appeals pro se the district court's denial of his motion to modify his federal term of supervised release to run concurrently with his 20-year state sentence for second-degree murder. Inzunza contends that the district court violated his due process rights by revoking his probation without appointing counsel or holding an evidentiary hearing, as required under Federal Rule of Criminal Procedure 32.1(b).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Inzunza contends that the district court should release him from his federal term of supervised release, reduce his supervised release term for time served on a state conviction, and allow the remainder of his supervised release term to run concurrently with his state sentence, or hold a revocation hearing so he can defend his position with the assistance of counsel and supporting evidence. We disagree.
 
 
 4
 A defendant is entitled to a hearing and assistance of counsel prior to the modification of the terms or conditions of his probation or supervised release, unless the relief granted is favorable to the defendant and the government does not object. Fed.R.Crim.P. 32.1(b) (1996). A term of supervised release is tolled while a person is imprisoned on another offense. 18 U.S.C. § 3624(e); United States v. Schmidt, 99 F.3d 315, 319 (9th Cir.1996).
 
 
 5
 Here, Inzunza claims that his federal term of supervised release began when he was released from federal custody, on December 3, 1993. He also argues that the district court effectively revoked his supervised release without a hearing or assistance of counsel, when it delivered him to state authorities on the same day.
 
 
 6
 The district court properly denied Inzunza's motion. Inzunza was never "released" from custody, therefore he has not served any portion of his federal supervised release term. See Schmidt, 99 F.3d at 319. Accordingly, it was legally impossible for Inzunza to violate the terms of his supervised release and become subject to a revocation hearing that required appointment of counsel and a hearing. See Fed.R.Crim.P. 32.1(b), see also Kirby v. Illinois, 406 U.S. 682, 688 (1972). Even assuming Inzunza's request for modification was valid, he was not entitled to an attorney and hearing, because the requested modification benefitted him. See Fed.R.Crim.P. 32.1(b) (1996).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Inzunza's request for oral argument and motion to appoint counsel of record for oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Inzunza uses the term "probation" in his motion and brief, he was sentenced to a five-year term of supervised release. Additionally, Inzunza's request for an evidentiary hearing appears to be a request for a revocation of supervised release hearing